UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

AM GENERAL LLC,                )
                               )
Plaintiff,                     )
                               )
          v.                   ) Cause No. 3:12-CV-333-WCL-RBC
                               )
DEMMER CORPORATION,            )
                               )
Defendant.                     )

## OPINION AND ORDER

Before the Court is Plaintiff, AM General, LLC's ("AMG's")" Motion in Limine to Preclude Defendant Demmer Corporation ("Demmer") from Offering Evidence and Argument Related to Damages." [DE 153]. Demmer promptly filed its response to which AMG replied. For the following reasons, AMG's Motion will be DENIED.

## Discussion

The parties are engaged in a commercial contract dispute involving the price terms in a contract for the purchase of bi-metal doors manufactured by Demmer for use in AMG's High Mobility Multipurpose Wheeled Vehicles ("HUMVEES"). The full factual background is set forth in an Opinion and Order relating to Demmer's Motion for Summary Judgment on AMG's contract claims [DE 136] and shall not be regurgitated herein. It suffices to say that this Court has held that there are questions of fact relating to the intent of the parties as to the price terms in the underlying contracts which necessitate a trial on the merits. The parties have agreed that the case should be tried to the bench and, as a result, the Court has currently set the matter for a bench trial beginning on June 16, 2014.

The thrust of AMG's complaint is that Demmer breached various contract provisions with

AMG by overcharging for bi-metal doors it produced for AMG and by providing inaccurate and incomplete data in support of the higher prices. In response, Demmer counterclaimed seeking recovery of the amounts that AMG withheld from Demmer for 2010 and 2011. AMG's present motion seeks to preclude Demmer from offering evidence or argument as to the damages it is seeking, namely the amounts Demmer alleges were withheld from it, because Demmer failed to disclose specific damage calculations during discovery. AMG further asserts that Demmer is seeking to offer a new damages theory never previously disclosed to it during the discovery process.

Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii), a party seeking damages must "without awaiting a discovery request, provide to the other parties ... a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material ... on which each computation is based." Via Fed.R.Civ.P. 37(c)(1), a party failing to provide the information required by Rule 26 "is not allowed to use that information...to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."

Here, the parties appear to be in complete agreement that Demmer did not provide specific damage calculations during discovery. Demmer's response does not assert that it complied with the disclosure rules in their entirety. Rather, it appears from the filings from both sides that Demmer provided rather general damage calculations in response to AMG's discovery requests. Demmer advised AMG, for instance in October, 2012, that it had not precisely calculated its damages "but ..they will consist of the price of the Bi-Metal doors for which [AMG] has not paid, interest, attorneys' fees, and any other relief provided by a judgment." (AMG Exh. 1, at 6). Again, in February, 2013, in response to interrogatories from AMG, Demmer responded:

2

> The precise amount of damages is not calculable at this time. The components of Demmer's damage claim are: (a) the difference between the contract price for the 2010 and 2011 doors and the amounts actually paid by [AMG] for the doors; (b) pre-judgment interest on the amount calculated in subpart (a); (c) the costs of this action; and (d) to the extent they may be permitted under applicable law, Demmer's attorney's fees incurred in this action.

(AMG Exh. 7 at 2). Subsequently, discovery closed on September 27, 2013. It is undisputed that Demmer did not supplement its disclosures, its interrogatory responses, or produce documentation related to a precise damages calculation.

Demmer, however, contends that its failure to produce documentation is substantially justified or harmless because the information was supplied well in advance of trial on October 15, 2013 by way of an exhibit attached to its Motion for Summary Judgment. Demmer attached the Declaration of Heather Shawa-DeCook, Demmer's CFO, that disclosed for the first time the calculation of $19,861,345.15 in total outstanding balances Demmer believes it is owed. Demmer further contends that AMG did not object or file any motion to strike this exhibit due to a failure to comply with Rule 26 and thus, to wait until the brink of trial to do so is mere gamesmanship. In response, AMG argues that its failure to object to evidence at summary judgment does not equate to a waiver of that objection at trial.

True enough, AMG's failure to object to evidence at summary judgment does not constitute a waiver of an admissibility objection at trial; but, the failure does lend some credibility to Demmer's contention that the failure to timely disclose the calculations is harmless. AMG had the very evidence that it now complains about well in advance of trial. It could have acted (filed a motion to strike; sought to compel discovery; sought to depose Shawa-DeCook on the damages figures and sought costs for doing so from Demmer) but chose not to do so. Moreover, AMG was

3

clearly aware of the components of the damages that Demmer was seeking from other discovery responses. While, the court agrees with AMG that Demmer should have disclosed the information sooner, AMG cannot now contend that it is taken by complete surprise about the calculations disclosed by Demmer when it had them in hand over 10 months ago. *See Marais v. Chase Home Finance,* LLC 2014 WL 2515474, 15 (S.D.Ohio, June 4, 2014) (noting that the method of calculation had been provided and the only thing missing from the Rule 26 disclosures was a computation and the failure to offer a break-down was harmless: "In short, while Marais' damages computation was missing from her Rule 26 disclosure, Chase cannot seriously claim to be surprised by the origin of the damages Marais seeks."). Accordingly, the Motion in Limine is DENIED.[1]

However, to the extent AMG disputes the calculations provided by Demmer, Demmer shall make Shawa-DeCook available prior to trial for a supplemental deposition relating solely to the calculation of damages provided by her Declaration in the Summary Judgment proceedings.

Demmer's request for attorney fees for having to defend this motion is DENIED.

## CONCLUSION

Based on the foregoing, AMG's Motion in Limine is DENIED [DE 153]. Demmer is ORDERED to produce Shawa-DeCook at a convenient time prior to trial for a supplemental deposition on the limited issue of the damage computation, if so requested by AMG. Demmer's request for attorney fees is DENIED.

---

[1] AMG also argues that Demmer has provided a new theory of damages at the last minute in that Demmer makes a legal argument that if the court concludes that neither of the parties' interpretations of the 2010 contract language sets a price, the Court could legally conclude that the "price" in effect was the 2009 price and calculate damages based on those prices. This does not appear to the Court to be a new "damages" theory at all; rather, it is one of many legal outcomes that could flow from the evidence at trial and would be consistent with other theories of recovery already sought by Demmer, i.e. the difference between what has been withheld from Demmer and the contract price as determined at trial. Thus, the Court will hear all the evidence relating to damages at trial.

Entered: This 6th day of June 2014.

s/ William C. Lee  
United States District Court